LEWIS FELDBERG, administrator, *vs.* SIMON MILLER.

Suffolk.    January 12, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Of one controlling real estate, Causing death.  *Nuisance.  Practice, Civil,* Conduct of trial.

The owner of a building in his control is not liable for the conscious suffering and death of a traveller on the adjoining sidewalk who was struck by a board falling from the roof of the building if the falling of the board was due to the act of a third person which the owner had no reason to anticipate.

At the trial of an action for the conscious suffering and death of a traveller on a public way, who on a day in September was struck by a board which fell from the flat roof of a three story tenement house in the control of the defendant, it appeared that during the previous summer boys had built on the roof and used a playhouse of boards, resting at one end on a three-board fence which was two or three feet from a wide coping which was about two feet above the roof at its edge toward the street.  There was evidence as to wind and its effect upon the boards used by the boys, and that in the exercise of reasonable care the defendant should have known of the playhouse.  One of the boys, called by the plaintiff, testified that on the day of the accident he had gone to the roof, had found the playhouse broken down and the roof boards resting, one end on the top of the fence and the other on the coping, that he had taken hold of the end of the boards to bend them down and pull them back, but that they slid away and fell to the street.  It was one of these boards that struck the plaintiff's intestate. The plaintiff made no attempt to prove any previous inconsistent statement made by this witness, and his testimony was uncontradicted.  A verdict was ordered for the defendant.  *Held,* that the verdict was ordered rightly, because it appeared that the plaintiff accepted the testimony of the boy as correct, and that that testimony showed that the falling of the board was not due to negligence of the defendant or to acts of any one which he had any reason to anticipate.

DE COURCY, J.   This is an action of tort to recover for the conscious suffering and death of the plaintiff's intestate, Jennie Halfond.*   On September 9, 1910, while Mrs. Halfond was standing on the sidewalk of Rose Street, in Boston, she was struck on the head by some boards that fell from the roof of the defendant's

* The case was tried before *Wait,* J., who, at the close of the evidence for the plaintiff, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

building numbered 41 on that street, a three story tenement house with a flat roof.

On the evidence most favorable to the plaintiff these facts could be found. Along the front of the roof was a wide coping which was about two feet above the level of the roof. Two or three feet inside this coping ran a three-board fence, with uprights at intervals to which the boards were nailed. Five or six feet back from the fence there was a small penthouse, covering a doorway to the roof. During the summer vacation of 1910 some boys made a hut for a playhouse in this last mentioned space. At first it was constructed of cloth, but later the roof over it was made of boards, fastened together and covered with oil cloth. These were laid across from the penthouse to the top board of the fence, and attached at each end by one or more nails. The hut was torn down and built up again several times, especially before the board roof was used. The defendant testified that he never saw any playhouse on the roof of his building, but there was evidence from which it could be found that in the exercise of reasonable care he should have seen it.

One witness for the plaintiff testified that she saw this hut two weeks, and another that she saw it a few days, before the accident. His witness Samuel Segal, one of the boys who built and used the hut, said that on the day of the accident he found the hut broken down; but it did not appear when or by whom this had been done. Segal further testified that the roof of the hut was then resting, one end on the top of the fence and the other end on the top of the coping; that he stood inside of the fence where the hut had been, took hold of the end of the boards and tried to bend them down and pull them back over the fence; but that they slid away from him and fell into the street. Nothing fell except the boards that had formed the roof of the hut; and it was these that struck Mrs. Halfond.

By this evidence the plaintiff showed the precise cause of the accident, and consequently there is no occasion for us to consider what inference might have been drawn from the mere falling of the boards and the evidence as to the wind, if the actual cause of the accident had not been shown. *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156. At the trial the plaintiff apparently accepted Segal's narration as correct, and no attempt was made to

prove any former inconsistent statements on his part. His testimony stands uncontradicted, and is consistent with all the other evidence in the case. It shows that the injury to the plaintiff's intestate was not due to any negligent conduct on the part of the defendant, but was caused by the act of Segal in trying to pull the boards back over the fence after some unknown person had dismantled the hut and placed the roof boards where Segal found them. On the evidence presented the defendant had no knowledge of, and no reason to anticipate, these acts of third persons, and he cannot be held responsible for them. The verdict for the defendant was ordered rightly. *Mahoney* v. *Libbey,* 123 Mass. 20. *Quinn* v. *Crimmings,* 171 Mass. 255. *Green* v. *Nightingale,* 211 Mass. 273.

> *Judgment for the defendant on the verdict.*

*J. L. Hall,* for the plaintiff.
*W. H. Hitchcock,* for the defendant.